*Lamberton and Simonton, for plaintiff.*

*Alricks, for defendant.*

---

*Court of Common Pleas, Dauphin County, February 12th,* 1866.

NEWMAN'S EXECUTORS *v.* METZGAR'S ADMINISTRATOR.

An auditor's report is final after confirmation; and even if there is a mistake in it, the court has no power to appoint another auditor to determine questions properly before the former one. It is legal to appoint an auditor to find the amount due to a widow from her husband's estate, and also to determine its future distribution after her death.

BY THE COURT.—On December 24th, 1844, the sum of $3650.27 was paid into court to be placed at interest for the use of Catharine Breneman during life, and on her death to be distributed among the heirs and legal representatives of David Breneman, deceased. This was a surplus after paying all of the liens on the real estate belonging to David Breneman, deceased, which had been sold by the sheriff on an execution. The land had descended to Adam Breneman, a son of David; and his widow Catharine was entitled to dower therein. Adam died when about nine years old, and his mother inherited his land for life as his heir; on her death it would be distributed among the brothers and sisters of David Breneman, three of whom survived him. They would take as next of kin of Adam, *ex parte paterna.* An auditor was appointed to report the amount due after paying the liens, who fixed the sum stated. The widow received the interest during her life, and on her death it was brought into court for distribution. This court appointed an auditor, who reported that Henry Breneman, one of the brothers of David, died intestate and without issue during the lifetime of Adam; that the other brother, John. left issue three children, and the sister, Mrs. Gambers, left issue two children. Both of the latter died before Adam;

consequently, their children would be entitled to this money, *per capita*. This report was confirmed; but the confirmation is asked to be taken off, and the report set aside, on the ground that all of the facts in controversy before this auditor had been passed on by one appointed in 1845, and his report finally confirmed, which appears from the record to have been the case. The proof at that time showed that the brothers and sister of David Breneman survived Adam, and the money is distributed among them equally, to take effect and be enjoyed on the death of the widow; consequently, the money in court must now be distributed among them *per stirpes*, one share to the three children of John, and an equal amount to the two children of Mrs. Gambers. This may be contrary to the truth of the case, but conforms to the undisputed evidence given before the auditor in 1845. The report then made is conclusive of the facts, and the money must take the course indicated by the decree of confirmation, provided the court had the power to appoint an auditor to act on the future disposition and distribution of the fund. That the court had general jurisdiction over the subject-matter cannot be controverted. It was necessary to fix the amount due to the widow, that it might be put at interest for her use during life. It was proper to ascertain its legal disposition after her death to enable the bond or recognizance, given to secure the life interest, to state for whose use it should afterwards stand, being then a vested right in money. The bond or mortgage would properly name the persons to whom the money should be paid on the widow's death, and it would then go to them or their legal representatives. That part of the auditor's investigation appears to have been carefully made, and is full and exhaustive. It disposes of all of the money then and *in futuro;* but divides it among the two brothers and sister, although they must all three have been dead at the time. If errors exist, we have no authority to correct them, or disregard the effect of the decree. This report is fully recognized in the mortgages taken to secure this money, when lent out under the order of court; for after providing for the payment of the interest during the lifetime of Catharine Breneman, it directs the principal to be paid after her death to Henry Breneman, John Breneman, and Barbara Gambers's heirs. This money probably should be paid to the administrators of each of these persons; but it is conceded that Henry died without issue, his administrator is long since dead, and his brother's and sister's children are his heirs. John and Barbara are both long dead, their estates settled, and administrators dead or discharged. One of the sister's children, Christiana Morrell, is dead, and Abram Peters is her administrator. David and Anna Breneman, children of John, are living; and John Breneman, the younger, also, but has assigned his claim. Therefore, it is agreed that, after the court has settled the principles of distribution under the reports,

[Forster *v.* Forster's Executors.]

the money shall be directly decreed to the parties now having the interest therein. The costs of the last audit will very properly be taken out of the fund in court, and the residue distributed among the heirs, *per stirpes.*

*Fisher, for plaintiff.*

*Krause and Boas, for defendant.*